James F. Shaheen v. Commissioner. Najeeb F. Shaheen v. Commissioner.
Shaheen v. Commissioner
Docket Nos. 16827, 16828.
United States Tax Court
1948 Tax Ct. Memo LEXIS 4; 7 T.C.M. (CCH) 994; T.C.M. (RIA) 48275; December 31, 1948
*4 Fraud penalties determined. Clarence E. Price, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: Under date of October 7, 1947, the Commissioner determined against James F. Shaheen deficiencies in income tax for the calendar years 1942, 1944, 1945, and 1946, and a deficiency in income and victory tax for the calendar year 1943, and for each of the several years the Commissioner also determined fraud penalties. Under date of October 8, 1947, the Commissioner determined against Najeeb F. Shaheen deficiencies in income tax for the calendar years 1944, 1945, and 1946, and in addition determined a fraud penalty for each of those years against the petitioner. Thereafter and on December 22, 1947, each of the petitioners, who were brothers, filed a petition with this Court, and in each petition error was alleged in so far as the respondent had determined the fraud penalties. No error was assigned in so far as the deficiencies in tax were concerned, and it was stated by government counsel that the deficiencies in tax have been paid. These proceedings came on for trial in Cleveland, Ohio, on November 29, 1948, at which time there was no appearance *5 for the petitioners either in person or by counsel, and government counsel herein at that time advised that counsel for the petitioners would not appear or make any defense in so far as the penalties in issue were concerned. In order that the respondent might offer his proof on the fraud issue, the proceedings were noted for trial on December 14, 1948, at which time witnesses were called on behalf of the respondent and certain documentary evidence was offered. The proceedings were consolidated for hearing and disposition. [The Facts] During the several years for which penalties were determined by the respondent and in issue here, the petitioners were engaged in the retail liquor business at a place known as the Twelfth Street Grill at 606 Twelfth Street, N.E., Canton, Ohio. During a portion of this period the business was operated as a sole proprietorship by petitioner James F. Shaheen and during some of the years the business was operated as a partnership with each of the brothers having a 50 per cent interest. An investigation of the books and records of the petitioners was undertaken by a Deputy Collector of the Bureau of Internal Revenue and a representative of the Special *6 Intelligence Unit of the Bureau of Internal Revenue and as a result of their investigation it was ascertained that the books and records were inadequate and incomplete and that items of income were omitted from such records. Thereupon, a net worth statement was prepared and the income and resulting taxes for the several years were determined on the so-called net worth basis. As heretofore stated, the deficiencies which resulted from the Commissioner's determination were not contested and have now been paid. During the course of the investigation the safety deposit boxes of the petitioners were examined and in the case of one of the boxes it was found that just a few minutes before that box was opened, the wife of one of the petitioners had opened the box so that when the examining officers looked in it a few minutes later it contained nothing but papers. Net worth statements were introduced in evidence and testified to by government witnesses and no suggestion of their incorrectness was offered on behalf of the petitioners. [Opinion] When relatively large amounts of income over a number of years are not reported in a taxpayer's income tax returns and it appears that the taxpayer *7 was aware of the fact that items of his income were not reported and no excuse is offered as to the failure to report such items of income, the Commissioner has sustained his burden of proof that some part of the deficiency is due to fraud with intent to evade tax. We find that in each of the years in question the petitioners filed false and fraudulent returns with intent to evade the tax and the 50 per cent penalties for the several years have been established. In the case of petitioner James F. Shaheen, we find that for the taxable years 1942, 1943, 1944, 1945, and 1946 there are due and owing by petitioner fraud penalties in the respective amounts of $332.96, $463.77, $990.80, $374.97, and $2,428.21, making a total of $4,590.71. In the case of petitioner Najeeb F. Shaheen, we find that for the taxable years 1944, 1945, and 1946 there are due and owing by petitioner fraud penalties in the respective amounts of $256.50, $726.44, and $1,933.29, making a total of $2,916.23. In the case of James F. Shaheen, the Commissioner in his answer asked for an additional deficiency in tax of $48 for the year 1942 and $52.38 for the year 1943. Inasmuch as the matter of deficiencies in tax for *8 these years was not alleged as error in the petition and the sole question brought to this Court was that of the fraud penalties, we have no jurisdiction to determine the amount of the tax and deficiency as such for the years 1942 and 1943. Decision will be entered for the respondent.